**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

CV 18 - 285

*ORIGINAL*

| | | |
|---|---|---|
| Stacy Makhnevich, | § | |
| Plaintiff | § | |
| | § | Index NO. |
| vs. | § | |
| | § | **Jury Trial** |
| | § | **Demanded** |
| Gregory S. Bougopoulos, | | |
| Novick, Edelstein, Lubell | | |
| Reisman, Wasserman & | | |
| Leventhal PC, The Board of | | MATSUMOTO, J. |
| Managers of the 2900 Ocean | | |
| Condominium, | § | SCANLON, M.J. |
| Defendant(s) | § | |

RECEIVED JAN 16 2018 PRO SE OFFICE

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1.     This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, New York, General Business Law §349, *et seq.* ("NYGBL §349"),

in addition to the causes of action for common law fraud and breach of contract.

2.    Plaintiff seeks to recover monetary damages for Defendant's violations and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3.    Defendants made fraudulent promises and assess fraudulent charges on the Plaintiff. As part of the deception, Defendants induced Plaintiff to pay for maintenance charges while grossly and negligently failed to provide services and occasionally provided services below standards while assessing multiple additional fees in the form of undisclosed assessments and penalties and unlawfully attempted to collect on the debt. Defendants deliberately and calculatedly engaged in these deceptive practices solely for the purpose of generating fees by receiving excessive upfront payments for services not provided including assessment of thousands of dollars in legal fees for litigation purposes. Defendants caused Plaintiff to endure abusive debt collection treatment, including the filling of a state court action.

**JURISDICTION AND VENUE**

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28

U.S.C. § 1331, and 28 U.S.C. § 1337.

5.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)

6.    This Court has supplemental jurisdiction for the state law claims

pursuant to 28 U.S.C § 1 367

**PARTIES**

7.    Plaintiff Stacy Makhnevich (hereinafter "Ms. Makhnevich") is a
consumer as defined in the FDCPA § 1692a(3),

8.    Defendant The Board of Managers of the 2900 Ocean
Condominium (hereinafter "The Board of Managers of the 2900

Ocean Condominium"), c/o First Service Residential, 9437 Shore
Rd, Brooklyn, NY 11209

9.     Defendant Novick, Edelstein, Lubell, Reisman, Wasserman &
Leventhal PC (hereinafter "Novick, Edelstein, Lubell Reisman,
Wasserman & Leventhal PC") is a domestic professional corporation
incorporated and existing under the laws of the State of New York, and
engaged in the business of collecting debts in this state with its
principal place of business at 733 Yonkers Ave, Yonkers, New York,
10704.

10.     Defendant Gregory S Bougopoulos (hereinafter
"Bougopoulos") is a designated agent of Novick, Edelstein, Lubell
Reisman, Wasserman & Leventhal PC, domestic professional
corporation incorporated and existing under the laws of the State of
New York and engaged in the business of collecting debts in this state
with its principal place of business at 733 Yonkers Ave, Yonkers, New
York, 10704.

11.     Novick, Edelstein, Lubell Reisman, Wasserman & Leventhal
PC" principal purpose is the collection of debts and it regularly
attempts to collect debts alleged to be due another: debt collector as
defined in the FDCPA § I 692a(6).

12.    Bougopoulos's principal purpose is the collection of debts and it

regularly attempts to collect debts alleged to be due another: debt

collector as defined in the FDCPA § I 692a(6).

## FACTUAL ALLEGATIONS

13.    Thousands of New York consumers had actions brought up

against them including uncontested default judgments against

consumers who failed to respond to the lawsuits, even though the

underlying claims were untimely under New York law. Failure to

properly serve consumers across the state with legal papers caused

thousands to unknowingly default and have costly judgments entered

against them without the chance to respond or defend themselves.

14.    It is unlawful for a debt collector to bring suit against a consumer

when the claims are outside of the applicable statute of limitations.

Under New York law, for an action to be timely filed it must be

commenced not only within New York's statute of limitations, but also within the statute of limitations of the state where the cause of action accrued, if other than New York. In debt collection actions, a cause of action accrues where the original creditor resides. For example, while New York's statute of limitations to collect on a debt is generally six years, if the original creditor was located in Delaware, which has a three-year statute of limitations, the shorter statute of limitations would govern the action.

15.     Attorney General of New York has sued 35 law firms and two debt collectors in New York State in order to throw out an estimated 100,000 default judgments improperly obtained against New York consumers. Attorney General's Office announced criminal and civil cases for this fraudulent business scheme.

The suit asks the court to vacate all default judgments secured against New York consumers in cases in which the firms (1) used ALP to serve legal process in commencing a lawsuit, and (2) the firms are unable to provide the court with any evidence, other than ALP's affidavit, that proper legal service was made. Attorney General's Office has served subpoenas to two other New York State process servers in its ongoing investigation into fraudulent debt collection practices. Those two companies are We Serve It for You Process Serving Agency, of

Brockport, NY and North American Process Serving, located in Erie County, with a satellite office in Nassau County.

Debt collectors allegedly engaged in "sewer service," where process servers take advantage of individuals facing lawsuits by failing to properly alert them and denying them the chance to respond. As a result, tens of thousands of judgments were obtained against unsuspecting New Yorkers, many of whom first learned they were being sued when they found their bank accounts frozen or their wages garnished.

The law firms and debt collectors then used these false affidavits to obtain default judgments against NY consumers. In a large percentage of the cases sampled and analyzed, the defendants never answered the lawsuit and the law firms sought and obtained default judgments from the courts. In seeking the default judgments, the firms made use of ALP's fraudulent affidavits that claimed that the individual defendants had been given proper legal notice of the suits.

16.    Similarly, Plaintiff, Ms Makhnevich was affected by the Defendants engagement in SEWER service with filing of an Affidavit of Service stating that delivering of a "true copy of each to Jane Doe a person of suitable age and discretion" followed by a false description of

"the defendant, or other person served, or spoken to on behalf of the defendant".

17.    Upon further review of Process Server Plus Inc working with the Defendants at the time, it was established that Process Server Plus Inc has fraudulently indicated personal delivery of complaints to defendants while defendants were out of state and that was proven in Federal District Court. Complaint has been filed with Consumer Affairs and Office of Attorney General asking for a criminal investigation.

18.    Motion to vacate the default judgment was immediately filed thereafter by the Plaintiff along with a copy of process server's affidavit of service confirming fake description of JANE DOE. It is irrefutable that the description provided does not match and is bogus.

19.    Defendant Bougopoulos failed to remedy the devastating effect of sewer service, failed to comply with the most basic requirement of due process and
proceeded to oppose the dismissal of default judgement. He sarcastically promised to assess **"thousands of dollars in fees for legal costs if Plaintiff, Ms Makhnevich, does not stop defending her Motion to Vacate Default Judgement"**. As a result, the

Defendants assessed a 100% upcharge on a monthly maintenance bill.

The monthly maintenance charge is $352.08. <u>The month that the Plaintiff revealed the "sewer service" to the Civil Court along with the fact that there were other similarly situated consumers, the monthly bill had an additional "legal fee" of $350.00</u> .

20.    This action is not the only lawsuit that has been filed by the Defendants alleging similar and related claims and engaging in obtaining default judgements and similar service. Within a year, <u>two more state actions</u> have been filed by the Defendants, specifically:

CV 004977/2016     Arina Kogan

CV 070866/2015     Dorothy Levinson

-at Kings County Civil Court

21.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I—FDCPA as against Defendant Bougopoulos and Defendant Novick, Edelstein, Lubell Reisman, Wasserman & Leventhal PC**

22.     Plaintiff repeats and re-alleges each and every allegation contained above.

23.     Additional violations of FDCPA include:

Filing a Complaint against Ms. Makhnevich  in the State Action that was deceptive and misleading in that it was signed by an attorney but was not in fact meaningfully reviewed by an attorney, in violation of §§ 1692e, 1692e(5), 1692e(I 0), and 1692f;

Taking legal action against Ms. Makhnevich when Defendants knew or should have known that there was no factual basis for its action, including basing a claim on account stated; failure to conduct minimum due diligence required under New York law regarding frivolous pleadings, and misstating the amount, character and/or legal status of Ms. Makhnevich debt, in violation of §§ 1692e, 1692e(2), 1692e(5), and 1692e(I 0), 1692f, 1692f(I) and 1692g.

Defendant's aforementioned conduct violated the FDCPA. WHEREFORE, Plaintiff prays for relief and judgment, as follows:
    a) Adjudging that Defendant violated the FDCPA;
    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C.

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff all costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—Breach of Contract  as against Defendant The Board of Managers of the 2900 Ocean Condominium

24.    Plaintiff repeats and re-alleges each and every allegation above.

25.    Defendant is engaged in:

    a. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

    b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer

26.    Defendant has repeatedly breached the contract by grossly and negligently failing to provide services and occasionally providing services below standards while assessing multiple additional fees in the form of undisclosed assessments and penalties.

27.    While in receipt of consistent maintenance payments, Defendant failed to provide prompt assistance in proper maintenance of structural stability of the building , installation of carbon monoxide detecting devices, smoke detectors, timely removal of exposed wires, collapsed ceilings, bed bugs treatment etc. Multiple complaints have been filed.

28.    Defendant is engaged in improper billing practices by assessing excessive charges to the account, improper fees, unjust late fees etc

29.    Defendant violated Article 2, Sections 2.4 (i): operate, maintain, repair, restore, add to, improve, alter and replace the Common Elements…

And Sections 2.4 (iii), Section (5.1) "Maintenance and repairs: in or to the Common Elements shall be performed by the Condo Board as a common expense."

30.    Defendant breached the contract by failure to provide maintenance services in orderly, timely and up to standard fashion and as promised.

31.    Defendant breached the contract by assessing excessive charges to the account and refusing to produce records as to the definition of such charges and failed to provide timely notifications of charges.

32.    Due to the Defendant's breach of contract, Plaintiff suffered substantial monetary damages.

WHEREFORE, Plaintiff prays for relief and judgment in the amount to be determined at trial but which for over the entire course for which the recovery is sought, is reasonably believed to be not less than $28,500.00

## COUNT III - FRAUD as against Defendant The Board of Managers of the 2900 Ocean Condominium

33. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

34. Defendant knowingly misrepresented to Ms Makhnevich that they would take proper and orderly care of maintenance of the building as well as to cure any defects to the compromised structural stability.

35. Defendant made representations and false promises with an indubitable objective to defraud Plaintiff and induce her to believe that all defects would be cured as her maintenance payments are being made while Defendants knew that their promises are false.

36. As a clear consequence of the aforementioned deception and fraud by Defendant, ,

Plaintiff suffered substantial damages and prays for relief and judgment, as follows:

a) Awarding Plaintiff actual damages as determined in trial

b) Awarding Plaintiff reasonable costs incurred in this action;

c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

d) Awarding such other and further relief as the Court may

deem just and proper.

## COUNT IV—VIOLATION OF NEW YORK GENERAL BUSINESS LAW (&349) (Unfair and Deceptive Acts) as against all Defendants.

37.    Defendants are, and at all times, engaged in billing activities that affect consumers at large. Upon information and belief, at all relevant times, Defendants utilized tactics that were deceptive and misleading in material respects and led to Plaintiff's injury as a consequence.

38.    Upon information and belief, at all relevant times, Defendants, intending to mislead, implied and expressively represented that proper and orderly maintenance and repair services would be provided. Upon information and belief, Defendants misleading and deceptive conduct and acts include but are not limited to: (1) regularly charging excessive fees and service charges without fully disclosing the terms and conditions; (2) regularly engage in misleading conduct and assess false and excessive fees in an effort to increase Defendants' profits by increasing the amount of money assessed on the accounts.

39.   Upon information and belief, at all relevant times, Defendants' ongoing violations of General Business Law &349 were willful.

Defendant's conduct violated General Business Law &349 .

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

Adjudging that Defendant violated General Business Law;

Awarding Plaintiff statutory damages, pursuant to 15 U.S.C.

Awarding Plaintiff actual damages, pursuant to General Business Law &349;

Awarding Plaintiff all costs incurred in this action;

Awarding Plaintiff any pre-judgment and post-judgment

interest as may be allowed under the law;

Awarding such other and further relief as the Court may

deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.   On first cause of action: Declaratory Judgment in an apparent violation of FDCPA, actual damages, statutory damages, and all costs pursuant to 15 U.S.C. § 1692 k

2. On second cause of action: in an amount to be determined at trial, but
   which is reasonable believed to be not less than $28,500, together with
   costs and other damages

3. On third cause of action: in an amount to be determined at trial together
   with costs and other damages

4. On fourth cause of action: in an amount to be determined at trial,
   together with costs and other damages. Declaratory judgment

and an order enjoining Defendants from engaging in similar misleading

conduct with other similarly situated.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted                    To: UNITED STATES COURT OF OF
NEW YORK
                                              225 Cadman Plaza, Brooklyn, NY

Pro se                                        Date: ~~09/05/2017~~
                                              2/16/18

Cc: Novick, Edelstein, Lubell, Reisman, Wasserman and Leventhal PC

733 Yonkers Ave

Yonkers, NY 10704

The Board of Managers of

The 2900 Ocean Condominium

c/o First Service Residential

9437 Shore Rd

Brooklyn, NY 11209


Gregory S Bougopoulos

733 Yonkers Ave

Yonkers, NY 10704