```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

STACY MAKHNEVICH,

                Plaintiff,

                                                      **MEMORANDUM AND ORDER**

        -against-                          18-CV-285 (KAM)(VMS)

GREGORY S. BOUGOPOULOS; NOVICK,
EDELSTEIN, LUBELL, REISMAN, WASSERMAN &
LEVENTHAL, P.C.; BOARD OF MANAGERS OF
THE 2900 OCEAN CONDOMINIUM; and BRYANT
TOVAR,

                Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

        On January 16, 2018, *pro se* plaintiff Stacy Makhnevich ("Makhnevich" or "plaintiff") commenced this action against defendants Gregory Bougopoulos ("Bougopoulos"); Novick, Edelstein, Lubell, Reisman, Wasserman & Leventhal, P.C. ("the Novick firm")[1]; and the Board of Managers of the 2900 Ocean Condominium ("the Board"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by Bougopoulos and the Novick firm, breach of contract and fraud by the Board, and violations of New York's General Business Law § 349 ("GBL § 349") by all defendants.  (ECF No. 1, Complaint

---

[1] The firm has since changed its name to Novick Edelstein Pomerantz P.C. (ECF No. 85, Notice of Change of Firm Name.)

1

("Compl.").) On October 31, 2018, plaintiff sought leave to file an amended complaint, which alleged FDCPA violations by all defendants, including an additional defendant, Bryant Tovar ("Tovar"), breach of contract and fraud by the Board, and GBL § 349 violations by Bougopoulos, the Novick firm, and the Board. (ECF No. 52, Motion for Leave to File Amended Complaint.) The court granted plaintiff's motion on November 19, 2018. (Dkt. Entry dated Nov. 19, 2018; ECF No. 58, Amended Complaint ("Am. Compl.").)

Presently before the court is plaintiff's motion to amend the first amended complaint. (ECF No. 73, Motion to Amend the First Amended Complaint ("Sec. Mot. to Amend").) For the reasons set forth below, the court denies plaintiff's motion to file a second amended complaint.

## BACKGROUND

On October 9, 2018, the court ordered a briefing schedule for the defendants' motions for summary judgment. (Dkt. Entry dated Oct. 9, 2018.) After defendants served their motions on plaintiff, they received her motion to file an amended complaint. (ECF No. 53, Def. Nov. 13, 2018 Ltr.) Defendants requested a pre-motion conference for a new briefing schedule, stating that they would consent to the filing of the amended complaint without opposition if they could serve revised motions for summary judgment. (*Id.*)

The court granted plaintiff's motion for leave to file a first amended complaint on November 19, 2018. (Dkt. Entry dated Nov. 19, 2018.) The court also ordered that "plaintiff may not further amend the complaint . . . without a court order granting permission to do so," and scheduled a pre-motion conference for December 14, 2018 to discuss an amended briefing schedule for the motions for summary judgment. (Dkt. Entry dated Nov. 19, 2018; Dkt. Entry dated Dec. 4, 2018.) On December 9, 2018, plaintiff filed a pre-motion conference letter regarding her intent to amend her first amended complaint. (ECF No. 61, Pl. Dec. 9, 2018 Ltr.) She also filed her motion to amend the amended complaint that same day, without receiving leave to do so. (ECF No. 62, Motion for Leave to File Supplemental Complaint.)

In response, the defendants filed pre-motion conference letters objecting to plaintiff's motion and seeking leave to file motions to dismiss and for summary judgment. (ECF No. 65, Tovar Dec. 10, 2018 Ltr.; ECF No. 66, Joint Def. Dec. 11, 2018 Ltr.) On December 14, 2018, the court subsequently held a pre-motion conference and set a briefing schedule regarding plaintiff's motion to file a second amended complaint. (Dkt. Entry dated Dec. 14, 2018.) The court also informed the parties that they could request a pre-motion conference

3

regarding motions to dismiss or for summary judgment after resolution of the motion to amend. (*Id.*)

After the December 14, 2018 conference, plaintiff filed a motion to amend the first amended complaint.[2] (ECF No. 73, Sec. Mot. to Amend.) All of the defendants opposed plaintiff's motion to amend the first amended complaint. (ECF No. 74, Defendant Bryant Tovar's Memorandum of Law in Opposition to Plaintiff's Motion to Amend ("Tovar Opp."); ECF No. 75, Memorandum of Law in Opposition to Plaintiff's Second Motion to Amend Her Complaint ("Bougopoulos & Novick Firm Opp."); ECF No. 77, Memorandum of Law in Opposition to Plaintiff's Second Motion for Leave to Amend Complaint by Defendant The Board of Managers of the 2900 Ocean Condominium ("Board Opp.").) Plaintiff subsequently filed a reply to the defendants' opposition. (ECF No. 79, Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend the First Amended Complaint ("Reply").)

**LEGAL STANDARD**

I. **Motion to Amend**

When a party is not entitled to amend its complaint as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[2] Although plaintiff's December 9, 2018 filing was styled as a motion for leave to file a supplemental complaint, the fully briefed motion before the court concerns an amended complaint.

Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "[A] *pro se* plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests."  *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

"Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## DISCUSSION

The operative, first amended complaint charges that 1) the Board, the Novick firm, Bougopoulos, and Tovar all violated the FDCPA; 2) the Board breached its contract with plaintiff; 3) the Board defrauded the plaintiff; and 4) the Board, the Novick firm, and Bougopoulos violated N.Y. G.B.L. § 349.  (ECF No. 58, Am. Compl. at 19-20, 23, 25.)  Plaintiff also alleges that defendants' "abusive debt collection practices" included their filing of a state court action seeking to collect fees from her.

5

(*Id.* at 2.) Plaintiff seeks to amend the first amended complaint to include a claim that the Board assessed against plaintiff a legal fee incurred through defendant Tovar's "*ex parte* illegal oral argument" on March 28, 2018 in the state court proceeding and then refused to remove that fee from her bill in violation of 15 U.S.C. § 1692d and § 1692e.[3] (ECF No. 73, Sec. Mot. to Amend at 5[4]; ECF No. 73-1, Proposed Second Amended Complaint ("Proposed SAC") at 13.) She asserts that this charge was fraudulent and illegal because she was not present in court for that proceeding. (ECF No. 73-1, Proposed SAC at 13.) Plaintiff claims that she received evidence of this charge on November 14, 2018 and thereafter sought leave to amend her complaint. (ECF No. 73, Sec. Mot. to Amend at 2, 4.) She argues that leave should be granted under F.R.C.P. 15(a)(2) and that there are no factors present in the case that would support denial of the motion to amend. (*Id.* at 6-7.)

---

[3] This appears to be the only substantive amendment to the complaint. *See* ECF No. 73, Sec. Mot. to Amend at 1 ("The new complaint . . . adds documentary evidence obtained after filing of her first amended complaint and makes certain minor technical corrections . . . ."). To the court's knowledge, the minor changes all occur under heading 14 of the factual allegations in the proposed second amended complaint. The court notes the deletions with strikethroughs and additions with underlining, as follows: "Tovar ~~is holding a position of an Honorable Judge~~ was appointed to become of a Judge"; "Tovar was the ~~council~~ attorney"; "Tovar was confirmed to be ~~holding a position of an Honorable Judge~~ appointed to a position of a Housing Court Judge"; "ability to have ~~a sitting Judge~~ an appointed judge for hire."
[4] The court cites to the page numbers generated by the Electronic Court Filing system for any documents which were filed without preexisting page numbers in the footer.

6

The defendants argue that leave to file a second amended complaint should be denied. Bougopoulos and the Novick firm argue that the plaintiff's motion was made in bad faith and after undue delay. (ECF No. 76, Bougopoulos & Novick Firm Opp. at 3-4.) They also argue that the plaintiff disregarded the court's order not to further amend the complaint or file additional motions without an order from the court permitting her to do so. (ECF No. 76, Bougopoulos & Novick Firm Opp. at 3.) Finally, they argue that the amendment of the complaint would be futile. (*Id.* at 4.) The Board also argues that the amendment would be futile. (ECF No. 77, Board Opp. at 3-4.) All of the defendants also made broader arguments for dismissal of the plaintiffs' complaint for failure to state a claim.

In her reply, plaintiff argues the court should grant the amendment. She argues that there has not been undue delay and that the defendants accuse her of bad faith in a conclusory fashion. (ECF No. 79, Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend the First Amended Complaint ("Reply") at 8-11.) Plaintiff further contends that the amendment would not be futile. (*Id.* at 12.) Plaintiff also objects to the defendants' various arguments for dismissal of the claims in the operative complaint. (*See generally id.*)

The court considers the parties' arguments regarding amendment of the complaint, reaching dismissal of claims and

7

parties only as implicated by the amendment analysis.  The court
agrees with the defendants that the amendment would be futile
and further finds that the state law claims asserted against the
Board in the first amended complaint and proposed second amended
complaint should be dismissed as well.

**I.   Futility of the Proposed Second Amendment**

Plaintiff appears to make two arguments regarding her
proposed second amended complaint.  First, plaintiff argues that
the Board's billing of legal fees for the March 28, 2018 state
court hearing violated 15 U.S.C. § 1692d and § 1692e of the
FDCPA.  Second, plaintiff argues that the billing for the state
court hearing violated the FDCPA because the hearing was an *ex
parte* illegal proceeding.

Among its arguments, the Board objects to plaintiff's
addition of the Board as a direct defendant to her FDCPA claims
in the proposed second amended complaint.  (ECF No. 77, Board
Opp. at 4.)  Plaintiff correctly notes that this is not an
accurate characterization of what the proposed second amended
complaint does.  The Board, with its consent, was named as a
direct defendant for the FDCPA claims in the operative, first
amended complaint.  (ECF No. 58, Am. Compl. at 19; ECF No. 53,
Def. Nov. 13, 2018 Ltr.)  Nevertheless, the court agrees with
the contention that the proposed second amendment would be

futile against the Board because it is not an entity that can be held liable under the FDCPA.

A debt collector under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). By contrast, a creditor under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed[.]" 15 U.S.C. § 1692a(4). "[B]y its terms, the FDCPA limits its reach to those collecting the [debts] of another and does not restrict the activities of creditors seeking to collect their own debts." *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 131 (E.D.N.Y. 2005) (internal quotation marks omitted). *See also Cohen v. Ditech Fin., LLC*, 342 F. Supp. 3d 460, 466 (S.D.N.Y. 2018) ("The [FDCPA], however, places a limitation on the scope of the law's application: [it] applies only to debt collectors.").

The Board is not in the principal business of collecting debts owed to others. The Board does not become a debt collector under the FDCPA when it assesses common charges against condominium unit owners or when it attempts to collect overdue charges. Because the Board is not a debt collector, it

9

cannot be liable for violations of the FDCPA. Thus, plaintiff's FDCPA claims do not state a claim and an amendment to add a claim under the FDCPA would be futile.

Moreover, the Bylaws of 2900 Ocean Condominium also state that the Board can collect "all costs and expenses paid or incurred by the Condominium Board . . . including, without limitation, reasonable attorneys' fees and disbursements and court costs" in relation to its attempt to collect defaulted common charge payments. (ECF No. 76-8, Def. Ex. G, Bylaws of the 2900 Ocean Condominium, at 38, Section 6.4.) The Board's addition of the legal costs it incurred while attempting to collect the overdue common charges to plaintiff's account balance is acceptable under the terms of the Bylaws, which apply to plaintiff.[5]

To the extent that plaintiff argues that billing by the Board violated the FDCPA or was otherwise unlawful because it was related to an *ex parte*, illegal oral argument in state court, this court rejects the premise of that claim. By plaintiff's own admission, she sought and was denied an adjournment of the state court proceeding. (ECF No. 73, Sec. Mot. to Amend at 4-5.) Her failure to appear as required in a court proceeding does not render the court proceeding unlawful.

---

[5] *See* ECF No. 76-8, Def. Ex. G at 1, Section 1.3 ("These By-Laws are applicable to the Property and to the use and occupancy thereof.").

In any case, plaintiff's daughter, who has power of attorney, appeared in her stead at the proceeding. (ECF No. 79-6, Pl. Ex. E, Apr. 18, 2018 State Ct. Decision & Order ("Apr. 18, 2018 Order") at 4; ECF No. 76-18, Def. Ex. Q, New Jersey General Durable Power of Attorney.) Plaintiff cannot plausibly assert that her failure to appear at court proceedings is evidence of misconduct by the defendants or the state court judge.

The court finds that the proposed second amendment to add an FDCPA claim is futile, and the second amendment is denied.[6]

## II. Dismissal of Claims Against the Board

Having found that the proposed second amendment is futile and that the Board is not a debt collector under the FDCPA, the court considers whether the remaining state law claims against the Board should be heard in this forum. "Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction to hear state law claims that are so related to federal question claims brought in the same action as to 'form part of the same case or controversy under Article III of the United States Constitution.'" *Briarpatch Ltd., L.P v. Phoenix*

---

[6] Although the amendment appears to be directed at the Board, the court finds that it is futile to the extent that it is aimed at the other defendants as well. Plaintiffs' proffered exhibits in support of the amendment do not reflect that the other defendants, as opposed to the Board, attempted to charge her for the oral argument at issue. *See* ECF No. 73-8, Pl. Ex. G, Mar. 29, 2018 Invoice ("Bill To: The 2900 Ocean Condo"); ECF No. 73-10, Pl. Ex. I, Apr. 18, 2018 Statement of Account (reflecting payments charged by the condominium to plaintiff).

11

*Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). State and federal claims form part of the same case or controversy if they "derive from a nucleus of operative fact." *Id.* (citing *Cicio v. Does*, 321 F.3d 83, 97 (2d Cir. 2003)). "This is so even if the state law claim is asserted against a party different from the one named in the federal claim." *Id.*

The court is not required to hear supplemental state law claims and has the discretion to decline to do so. *Id.* "However, the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998). Under subsection 1367(c), district courts may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

As a preliminary matter, two of the grounds for declining to exercise supplemental jurisdiction are not present here. Section 1367(c)(3) is not applicable to this case because the court has not dismissed the claims over which it has

original jurisdiction, the FDCPA claims, as to remaining defendants Bougopoulos, Tovar, and the Novick firm. Section 1367(c)(4) is also not applicable, as the parties have not identified exceptional circumstances with compelling reasons for declining jurisdiction.

Section 1367(c)(1), on the other hand, may apply here. Although it is not clear whether GBL § 349 claims are novel or complex, it is also not clear whether the Board's collection of fees allegedly unauthorized by a purchase agreement or the condominium bylaws, as alleged by the plaintiff, could be an actionable violation under GBL § 349. To bring a GBL § 349 claim, a plaintiff "must, at the threshold, charge conduct that is consumer oriented." *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995). "The conduct need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large; '[p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute[.]'" *Id.* (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 744 (N.Y. 1995)).

"New York courts have split on whether the purchase of a condominium unit is the sort of 'consumer-oriented' transaction to which [G.B.L. § 349] was intended to apply . . . ." *Waverly Properties, LLC v. KMG Waverly, LLC*, 824 F. Supp. 2d

13

547, 566 (S.D.N.Y. 2011). *See also Bd. of Managers of Caton Court Condo. v. Caton Dev. LP*, 983 N.Y.S.2d 201 (N.Y. Sup. Ct. 2013) (collecting cases and recognizing the existence of "a split in the Appellate Departments as to whether sales of condominiums within a development meet the 'consumer' threshold"); *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, No. 1:17-CV-04525-GHW, 2018 WL 2247206, at *8 (S.D.N.Y. May 16, 2018) ("The New York Court of Appeals has yet to comment on th[e] issue [of whether a rent dispute between a landlord and tenant is inherently consumer oriented], and other courts have dismissed GBL claims brought by tenants on the basis that the underlying conduct amounts to nothing more than a private transaction."). The state court is in a better position to determine which line of authority should govern regarding applicability of GBL § 349 claims to condominium disputes.

Subsection 1367(c)(2) applies in this case. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). Adjudication of the FDCPA claims, which are the basis for the court's original jurisdiction, requires evaluating whether the non-Board defendants are debt collectors and, if so,

14

whether they violated the law via the methods they used to collect a debt. The state law claims against the Board, by contrast, would involve evaluating the services the Board provided or failed to provide, what services the Board was required to provide by contract, and whether the Board made fraudulent statements to the plaintiff.

Retaining the GBL § 349 claim against the Board would require the court to evaluate evidence regarding whether the Board engaged in consumer oriented conduct, an analysis which would be distinct from determining whether the other defendants used improper debt collection methods in violation of the FDCPA or engaged in consumer oriented conduct. "[T]he facts material to the GBL [§ 349] claim are indeed much broader in scope than those that support the FDCPA claim. The threshold issue to be determined in the GBL claim is whether the conduct at issue is 'consumer oriented.'" *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, No. 1:17-CV-04525-GHW, 2018 WL 2247206, at *8 (S.D.N.Y. May 16, 2018). Because of the additional evidence needed regarding business practices at large for a GBL § 349 claim, "[r]esolution of the FDCPA claim . . . would not decide the GBL claim." *Id.* at *10.

But even "[w]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also

determines that doing so would not promote the values . . . [of] economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citation omitted). Declining to exercise jurisdiction over the state law claims against the Board would promote the values of comity and economy.

On comity, the state court twice denied the plaintiff's motion to stay the state court proceedings while plaintiff presented her state counterclaims here. (ECF No. 79-6, Pl. Ex. E, Apr. 18, 2018 Order at 2.) The state court also rejected the federal suit as a grounds for dismissing the state court action, stating that it would be "extraordinary if a litigant could dismiss a state court action by filing a Federal Complaint two years later, after extensive litigation had already occurred in state court." (*Id.*) The state court decided to sever the plaintiff's counterclaims, which are the same breach of contract, fraud, and GBL § 349 claims she asserted here in federal court, for a separate trial. (ECF No. 79-6, Pl. Ex. E, Apr. 18, 2018 Order at 4; *see also* ECF No. 76-15, Def. Ex. N, Answer with Counterclaim Demand for Jury Trial.) The state court not only expressed its intent to hear plaintiff's counterclaims, but it is also in a better position to determine whether plaintiff's GBL § 349 claim against the Board is actionable. *See United Mine Workers of Am. v. Gibbs*,

16

383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Plaintiff claims that she was subsequently told to re-file her counterclaims, but that she chose not to do so because some of her claims were outside the statute of limitations. (ECF No. 79-1, Makhnevich Affirmation ¶¶ 3-4.) Plaintiff did not provide a copy of any court orders regarding the disposition of her counterclaims, simply stating that she "was told to refile with a new index number." (*Id.* ¶ 3.) Although there is no evidence before this court that the state court would have placed plaintiff in the position of refiling her claims only to deny them as untimely, there is nothing before this court that would bar any of the claims brought here in federal court against the Board in state court.

"The period of limitations for any [state] claim [joined with a claim within federal-court competence] shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *Artis v. D.C.*, 138 S. Ct. 594, 598 (2018) (quoting 28 U.S.C. § 1367(d)) (alterations in original). In *Artis*, the Supreme Court held that § 1367(d)'s tolling provision "stop[s] the limitations clock during the

17

pendency of the federal-court suit." *Id.* at 598. "That is, the limitations clock stops the day the claim is filed in federal court and, 30 days postdismissal, restarts from the point at which it had stopped." *Id.* at 603. The statute of limitations for plaintiff's state law claims against the Board, therefore, does not appear to have expired.

As for judicial economy, discovery has not yet occurred, and this court is no better acquainted with the case than the state court which heard the Board's claims against Maknevich. Moreover, the evidence needed to establish whether there was a violation of the FDCPA is different from the evidence needed to establish that the Condo breached a contractual duty to provide adequate services, defrauded the plaintiff with its statements, or engaged in conduct that was consumer oriented under plaintiff's state law claims. Retaining the state law claims against the Board would require more of the court's resources to resolve claims which would be better addressed in the state court forum in which they were originally raised. This court, therefore, dismisses the state law claims against the Board from this action.

The court cautions that although the FDCPA and GBL § 349 claims remain pending against the remaining defendants, the plaintiff cannot prevail on any claims that would undermine the state court's determination that the common charges were

legitimate. Rather, plaintiff's claims may only proceed on the basis that the remaining defendants, who have not yet conclusively been found to be debt collectors, violated the law by the manner in which they engaged in debt collection or on a basis other than one that disputes the legitimacy of the charges as found by the state court.

### CONCLUSION

For the foregoing reasons, the court denies plaintiff's motion to file a second amended complaint. The first amended complaint shall remain the operative complaint, except that the Board and plaintiff's claims against the Board are dismissed without prejudice to file in state court. The parties are directed to meet, confer, and file a status letter informing the court how they wish to proceed by July 31, 2019. The Clerk of Court is respectfully directed to dismiss the Board of Managers of the 2900 Ocean Condominium from this action, serve a copy of this Memorandum and Order on the *pro se* plaintiff, and note service on the docket.

**SO ORDERED.**

Dated:   July 9, 2019
         Brooklyn, New York

                                          _____/s/_____
                                          **HON. KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York