UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

STACY MAKHNEVICH,

         Plaintiff,

                                   **MEMORANDUM AND ORDER**

     -against-                 18-CV-285 (KAM)(VMS)


GREGORY S. BOUGOPOULOS; NOVICK,
EDELSTEIN, LUBELL, REISMAN, WASSERMAN &
LEVENTHAL, P.C.; BOARD OF MANAGERS OF
THE 2900 OCEAN CONDOMINIUM; and BRYANT
TOVAR,

         Defendants.

--------------------------------------X

**MATSUMOTO, United States District Judge:**

       On November 19, 2018, the court granted a motion by

*pro se* plaintiff Stacy Makhnevich ("Makhnevich" or "plaintiff")

to amend her original complaint against defendants Gregory

Bougopoulos ("Bougopoulos"); Novick, Edelstein, Lubell, Reisman,

Wasserman & Leventhal, P.C. ("the Novick firm"); and the Board

of Managers of the 2900 Ocean Condominium ("the Board").  (Dkt.

Entry dated Nov. 19, 2018; ECF No. 58, Amended Complaint ("Am.

Compl.").)  The amended complaint, among other things, added

Bryant Tovar ("Tovar") as a defendant to this action.  On July

9, 2019, the court denied plaintiff's motion to amend the first

amended complaint and dismissed the Board as a defendant from

this case.  (ECF No. 86, Memorandum & Order dated July 9, 2019

("July 9, 2019 Order").)

Presently before the court is plaintiff's motion to

for reconsideration.  (ECF No. 87, Motion for Reconsideration of

Order Denying Plaintiff's Motion for Leave to File Second

Amended Complaint ("Mot. for Reconsideration").)  For the

reasons set forth below, the court denies plaintiff's motion for

reconsideration.

**LEGAL STANDARD**

## I.  Motion to Reconsider

"A motion for reconsideration should be granted only

when the defendant identifies 'an intervening change of

controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice.'"  *Kolel*

*Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,

729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways,*

*Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)

(internal quotation marks omitted)).  "The standard for granting

such a motion is strict, and reconsideration will generally be

denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion

reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not

be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

## DISCUSSION

Plaintiff states that the court denied her motion to amend the first amended complaint because the court rejected the premise of her proposed amendment, which argued that the Board violated the FDCPA by charging her for an "*ex-parte* illegal oral argument" in state court. (ECF No. 87, Mot. for Reconsideration at 2.) Plaintiff argues that the court should reconsider its order because she has additional evidence that was not available at the time she filed her motion to amend the amended complaint and that supports her argument that the state court proceeding occurred *ex parte* and was illegal. (*Id.* at 2-4.)

The court denies the motion for reconsideration. There has been no change in controlling law and there is no clear error or manifest injustice that needs to be corrected. Plaintiff purports to identify new evidence, but has not done so. Rather, plaintiff has provided this court with a filing she submitted in state court after she filed her motion to amend in this case. (*See* ECF No. 88, Declaration in Support of Plaintiff's Motion for Reconsideration ("Reconsideration Decl.") at 2; ECF No. 88-1, Exhibit A, Appellant's Brief ("Ex. A").) This is not evidence. Even considering the assertions made in plaintiff's state court brief, the court does not find any new

3

evidence.  Plaintiff's brief merely refers to past state court proceedings and contains factual allegations regarding events which occurred prior to the filing of her motion to amend the amended complaint.

Plaintiff seeks to relitigate an issue that has already been decided and her motion, therefore, should be denied.  Moreover, although the order denying amendment addressed the court's concerns over plaintiff's assertions regarding the impropriety of the state court hearing, the court held that the amendment was futile because the Board is not an entity whose conduct is covered by FDCPA.  (ECF No. 86, July 9, 2019 Order at 8-10.)  Nothing in plaintiff's current motion changes the court's conclusion on the Board's FDCPA liability.

**CONCLUSION**

For the foregoing reasons, the court denies plaintiff's motion for reconsideration.  The court's previous order that the parties are directed to meet, confer, and file a status letter informing the court how they wish to proceed by July 31, 2019 is still in effect.

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:     July 19, 2019
           Brooklyn, New York

                                        /s/
                            _____
                            **HON. KIYO A. MATSUMOTO**
                            United States District Judge
                            Eastern District of New York